Gould, J.
So far as the facts are found in this case, we have nothing before us upon which we can say that, when the mortgage was given, the condition or possession of the mortgaged premises was such as to authorize the bank to suppose that the title to them was in Daniel Townsend, rather than in his wife. And in the absence of any such facts, we are thrown back upon the legal presumption that (nothing appearing to give a contrary color of title), the taker of a conveyance is held to take it according to the true title of the grantors, and with the knowledge of it.
It is, further, found in the case, and the mortgage on its face shows, that it was given as security for a debt which was not the debt of either Daniel Townsend or his wife; so that, upon the mortgage, both were sureties to the bank for the already incurred debt of a stranger, which was to be, and was, con- *482 tinned as that stranger’s debt, and with this mortgage as collateral security thereto.
Thus, with the knowledge that the wife’s mortgage was not for her benefit, or even for that of her husband, and with the (leg^al) knowledge that part of the mortgaged premises belonged to her, as her separate estate, the bank extended the time of payment to the principal debtor, without the consent of one of the sureties; which act would release the separate interest of that surety. The fact that the consent of Daniel Townsend was procured to the extension shows that the bank understood the act they were doing to be one that required such consent to prevent his being released.
The plaintiff’s claim, that the mortgage was a continuing security for loans to be made and renewed, does not meet "the case; for the extension contract was one by which the bank was conditionally to receive part payment from time to time upon an already matured debt, the maturity and dishonor of which made the mortgage debt at once payable. The contract which was made altered the tenor of the indebtedness in such a way as to release a surety who did not consent thereto.
It is not inconsistent with these views to hold operative her release (by joining in the mortgage) of her inchoate right of dower in such part of the mortgaged premises as belonged to her husband; for the principal contract—that of suretyship — being his sole contract, and her concurrence in the deed touching inérely a contingent incident to his estate, her consent Would be held to follow his modification of the principal contract.
It would seem that the judgment of the Superior Court of Buffalo should be affirmed.
The claim that the mortgage is void, because not given to the president of the bank (Laws of 1838, chap. 260, § 24), is not properly taken by the defendants, as they do not appeal from the judgment below.
Wright, J.
At the time of the execution of the mortgage) Mrs. Townsend was seised in fee of specified parts of the mort *483 gaged premises. She executed the mortgage without any consideration, and as surety to the bank for the payment by her husband and the Buffalo Car Company of the indebtedness secured to be paid thereby; and the bank had notice that she was a mere surety. The indebtedness for which the plaintiff seeks to enforce the mortgage was represented by ten promissory notes, amounting to upwards of $93,000, each of which was made by the Buffalo Oar Company and indorsed by Daniel J. Townsend. Eight of the notes bore date on the 22d January, 1857; one on the 10th March, 1857.; and another on 4th April, 1857. On the 15th April, 1857, the bank and the Buffalo Car Company entered into an agreement to extend the time of payment of this indebtedness'in such manner that the same should be payable in thirty-three equal monthly payments ; the first payment to be made on the 1st June, 1857. Daniel J. Townsend consented to this extension of time to the Buffalo Car Company, and agreed to continue his liability on its notes as indorser;. but such time of payment of the indebtedness of the company was extended without the knowledge or consent of the defendant, Jane S. Townsend.
On these facts, the case is a plain one. Mrs. Townsend was merely a surety for the Buffalo Car Company and her husband, and the bank knew it; and when, without her consent, the bank, by a valid and binding agreement, gave time to the principal debtor, those parts of the mortgaged premises of which she was seised in fee were released and discharged from the lien and operation of the mortgage. (Gahn v. Niemcewicz, 11 Wend., 312.) It is not argued by the plaintiff’s counsel that this would be otherwise, provided the bank knew, at the time of receiving the mortgage, that Mrs.' Townsend had mortgaged her separate property. As to this latter fact, it is said there is not any evidence or finding. I do not think, however, that it was necessary for Mrs. Townsend to have shown affirmatively on the trial that the bank had notice when it received the mortgage that a part of the property embraced therein belonged to her. It must be presumed that a mortgagee is *484 cognizant of the title to the estate mortgaged, when there is no countervailing testimony.
The judgment of the Superior Court of Buffalo should be affirmed.
Judgment affirmed.